UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL J. HOWELL,

    Plaintiff,

 -vs-

PORTFOLIO RECOVERY ASSOCIATES, LLC

    Defendant.

_____/

ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (76268)
Attorney for Plaintiff
17200 W 10 Mile Rd Ste. 200
Southfield, MI 48075
(248) 246-6353
adalesq@gmail.com
andrew@alexanderfirm.com
_____/

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### Jurisdiction

1. Paul Howell, ("Plaintiff" or "Mr. Howell"), is a resident of Milford, Michigan and brings this lawsuit because of inaccuracies on his credit report, furnished by Defendants. Venue is proper in this Court because the transactions took place in this District.

2. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq ("FDCPA") at 1692a(2). This Court has federal question jurisdiction relating to the FDCPA claim alleged herein, and pendant jurisdiction over the State law claims alleged herein.

3. Defendant Portfolio Recovery Associates, ("PRA") 7. Defendant Portfolio Recovery Associates, ("PRA") is a debt collector and furnisher of information as contemplated by

1

the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

4. PRA is a "debt collector" under the FDCPA, 15 U.S.C. §1692k(6).

5. PRA is a "collection agency" according to the definitions in M.C.L. 339.901(b).

### I. STATUTORY STRUCTURE
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

6. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. 1692.

7. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

8. Under the FDCPA, "debt" means any obligated or alleged obligation of a consumer to pay money arising out of transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

9. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

10. A debt collector may not use any false, deceptive, or misleading representation or means

in connection with the collection of any debt. 15 U.S.C. 1692e.

11. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, actual damages, and attorney's fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

12. This court has federal question jurisdiction over the federal claims herein, and has pendant jurisdiction over the state law claims, and the action is otherwise in the proper court and district.

## GENERAL ALLEGATIONS

13. PRA unlawfully obtained a Judgment against Plaintiff in 2009, based upon improper service to a residence in which Plaintiff never resided.

14. PRA then engaged in collection activity, beginning in January 2015, in connection with this debt of unknown origin or identity, which violates the FDCPA and Michigan law as outlined below.

15 In a letter dated January 29, 2015 PRA first sent a letter to Plaintiff and advised him they were collecting on a Judgment from 2009. (**Exhibit A**). Plaintiff had absolutely no idea that a Judgment existed because he had never been served with the lawsuit.

16. In response to this letter, Plaintiff sent a letter denying the debt and requesting validation. (**Exhibit B**).

17. PRA failed to provide Plaintiff with adequate validation, in violation of the FDCPA, as alleged below.

18. In fact, after further communications with PRA, Plaintiff determined that a Judgment was in fact entered against him in the 44th District Court in Royal Oak, Michigan, a district

where Plaintiff has never resided.

19. After PRA refused to provide a copy of the Judgment or other adequate validation of debt, Plaintiff finally obtained a copy of the Judgment, and obtained other supporting documentation directly from the 44th District Court.

20. Since Plaintiff never lived in Royal Oak and had no idea what debt PRA was attempting to collect, Plaintiff reasonably suffered emotional distress from this course of events, including loss of sleep, humiliation, heightened stress and embarrassment.

21. After reviewing the Judgment and Return of Service filed in 44th District Court, Plaintiff gleaned that PRA counsel gained an Order for Alternative service, which was tacked on to the property of a residence in Royal Oak that Plaintiff never owned or resided in.

22. In fact, Plaintiff lived at 687 Heritage Drive Milford, MI 48381 at the time, which was easily ascertainable.

23. We know Plaintiff's address was easily ascertainable, because the dunning letters sent by PRA to Plaintiff in January and February of 2015 included the correct address. (**Exhibit C**).

24. Remarkably, Plaintiff took approximately 30 minutes on the internet to determine that another person by the name of Paul **E.** Howell lived at the address in Royal Oak which PRA incorrectly thought was Paul J. Howell. That address was 407 Amelia Ave., in Royal Oak. Paul E. Howell apparently died in 1989.

25. To make matters worse, PRA filed a garnishment with the IRS relating to this bad Judgment.

26. In light of these events, and the negligence perpetrated by PRA, Plaintiff filed a Motion to Vacate the Judgment in 44th District Court.

4

27. On May 7, 2015, the date for the hearing regarding Plaintiff's Motion to Vacate Judgment, PRA counsel failed to show up.  Judge Derek Meinecke granted Plaintiff's Motion to Set Aside Default and placed the case back on the general docket for Pre Trial on June 2, 2015. (See Order **Exhibit D**).

28. On June 2, 2015, at the Pre Trial, PRA counsel appeared and reviewed the evidence provided by Plaintiff. In response to this evidence showing that Plaintiff never lived at the residence of alleged service, PRA counsel agreed to dismiss the lawsuit because it was filed in the wrong jurisdiction, without prejudice.

29. However, the State Court case was not permanently dismissed with prejudice, and now Plaintiff has to deal with the prospect of getting sued again.

30. The debt collection attempts in January and February of 2015 constituted unlawful and deceptive attempts to collect a debt which is not authorized by law, in part, because the alleged debt is of unknown origin, amount or identity, and also because PRA both "served" Plaintiff and obtained a Judgment in a jurisdiction where he did not reside.

31. As the result of the facts alleged above, Plaintiff has suffered damages including actual damages and emotional distress.

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

32. Plaintiff incorporates the preceding allegations by reference.

33. PRA, at all times relevant hereto, and in the ordinary course of business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

34. PRA has engaged in violations of the FDCPA, including but not limited to:

    a) using generally false, misleading or unfair methods to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692e;

    b) using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f;

    c) engaging in abusive conduct in prohibition of 15 U.S.C. §1692d;

    d) using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f;

    e) engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt in prohibition of 15 U.S.C. §1692(d).

    f) attempting to collect an amount not authorized by law or contract;

    g) bringing a legal action in a district where the consumer does not reside in violation of 15 U.S.C. §1692i(a).

    h) failing to obtain proper verification in violation of 15 U.S.C. §1692g(b).

35. Plaintiff has suffered damages, including but not limited to frustration, embarrassment, and emotional distress as the result of Defendant's violations of the FDCPA and Michigan law.

## COUNT II - MICHIGAN OCCUPATIONAL CODE

36. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

37. PRA is a "collection agency" under MCL §339.901(f)

38. Defendant's foregoing acts and omissions in attempting to collect the alleged debts described herein against Plaintiff constitute violations of the Occupational Code, including, but not limited to:

    a. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

    b. Failing to send Plaintiff a letter within five days after their initial communication as mandated by MCL §339.918.

    c. Communicating in a misleading or deceptive manner.

    d. Misrepresenting the legal rights of the debtor or creditor.

39. These violations of the Michigan Occupational Code by Defendant were willful.

40. Plaintiff has been harmed by these violations in an amount to be determined at trial, and PRA violations constitute flagrant violations requiring treble damages.

## DEMAND FOR JUDGMENT AND RELIEF

41. Accordingly, Plaintiff seeks Judgment against PRA for:

    a. Equitable relief under the Michigan Occupational Code regarding cessation of illegal debt collection;

    b. Actual damages including damage to reputation, embarrassment and emotion distress in accordance with 15 U.S.C. § 1692k(a)(1);

    c. Statutory damages in accordance with 15 U.S.C. § 1692k(a)(2)(A);

    d. Statutory costs and attorney fees in accordance with 15 U.S.C. § 1692k(a)(3);

    e. Treble damages;

    f. Such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands Trial by Jury.

Respectfully submitted,

By: **/S/ Adam S. Alexander**
ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (P76268)
THE ALEXANDER LAW FIRM
Attorneys for Plaintiff
17200 W. Ten Mile Rd., Ste. 200
Southfield, MI   48075
(248) 246-6353
adalesq@gmail.com

July 17, 2015